UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
                                      :

STONEHILL INSTITUTIONAL PARTNERS, L.P.
and STONEHILL MASTER FUND LTD.,         :       15 Civ. 04284 (TPG)

                    Plaintiffs,       :

              v.               :       **ANSWER TO**
                               :       **COMPLAINT**

THE REPUBLIC OF ARGENTINA,        :

              Defendant.     :

------------------------------------------------------------------- X

      Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Complaint dated June 3, 2015 (the "Complaint"), respectfully states as follows:

      1.      To the extent that Paragraph 1 of the Complaint purports to characterize the nature of this action, no responsive pleading is required.  The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.  Paragraph 1 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 1 of the Complaint for its true and correct contents.

      2.      To the extent that Paragraph 2 of the Complaint purports to characterize the nature of this action, no responsive pleading is required.  Paragraph 2 of the Complaint purports to characterize the contents of written documents.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 2 of the Complaint for their true and correct contents.  To the extent that Paragraph 2 of the Complaint constitutes conclusions of law, no responsive pleadings

are required.  The Republic avers that in 2005 and 2010 it launched and consummated voluntary exchange offers and otherwise denies the allegations contained in Paragraph 2 of the Complaint.

3.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

4.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

6.      Paragraph 6 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

7.      Paragraph 7 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.

9.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, except admits that it issued bonds having ISIN US040114AR16.

10.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, except admits that it issued bonds having ISIN US040114AV28.

11.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, except admits that it issued bonds having ISIN US040114GD65.

12.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, except admits that it issued bonds having ISIN US040114FC91.

13.     Paragraph 13 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 13 for its true and correct contents.

14.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, except admits that it issued bonds having ISIN US040114AR16.

15.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, except admits that it issued bonds having ISIN US040114AV28.

16.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, except admits that it issued bonds having ISIN US040114GD65.

17.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, except admits that it issued bonds having ISIN US040114FC91.

18.     Paragraph 18 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 18 for its true and correct contents.

19.     Paragraph 19 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 19 for its true and correct contents.

20.     Paragraph 20 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 20 for its true and correct contents.

21.     To the extent that Paragraph 21 of the Complaint constitutes a conclusion of law, no responsive pleading is required.  Paragraph 21 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 21 for its true and correct contents.  The Republic otherwise admits that since December 2001 it has not paid principal or interest on nonperforming debt.

22.     The Republic admits that since December 2001 it has not paid principal or interest on nonperforming debt and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint.

23.     Paragraph 23 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 23 for its true and correct contents.  To the extent that Paragraph 23 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

24.     Paragraph 24 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 24 of the Complaint.

25.     The Republic admits that in 2005 it launched and consummated a voluntary exchange offer to holders of eligible debt.

26.     Paragraph 26 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 26 for its true and correct contents.

27.     The Republic admits that approximately 76% of eligible debt participated in its 2005 Exchange.

28.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint.

29.     The Republic admits that bondholders who tendered into the 2005 Exchange received, *inter alia*, bonds scheduled to pay semi-annual interest.

30.     The Republic admits that beginning in 2005 it has made interest payments due on bonds issued pursuant to the 2005 Exchange.

31.    The Republic admits that it has made interest payments due on bonds issued pursuant to the 2005 Bond Exchange.  The Republic avers that the Court's injunction has prevented holders of Exchange Bonds from receiving interest payments scheduled to be received after June 16, 2014, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint.

32.    The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint.

33.    Paragraph 33 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 33 for its true and correct contents.

34.    Paragraph 34 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 34 for its true and correct contents.

35.    The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint.

36.    Paragraph 36 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 36 for its true and correct contents.

37.     Paragraph 37 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 37 of the Complaint.

38.     Paragraph 38 of the Complaint purports to characterize the contents of legal proceedings.  The Republic denies such characterizations inconsistent with the referenced legal proceedings and refers to the legal proceedings cited in Paragraph 38 of the Complaint for their true and correct contents.  To the extent that Paragraph 38 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

39.     Paragraph 39 of the Complaint purports to characterize the contents of a written document.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 39 for its true and correct contents.  To the extent that Paragraph 39 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

40.     Paragraph 40 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 40 for its true and correct contents.

41.     Paragraph 41 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 41 for its true and correct contents.

42.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 43 of the Complaint.

44.     The Republic admits that beginning in 2010 bondholders who tendered into the 2010 Bond Exchange received, *inter alia*, bonds scheduled to pay semi-annual interest.

45.     The Republic admits that it has made interest payments due on bonds issued pursuant to the 2010 Exchange.  The Republic avers that the Court's injunction has prevented holders of Exchange Bonds from receiving interest payments scheduled to be received after June 16, 2014, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint.

46.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint.

47.     Paragraph 47 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 47 of the Complaint.

48.     Paragraph 48 of the Complaint purports to characterize the contents of legal proceedings.  The Republic denies such characterizations inconsistent with the referenced legal proceedings and refers to the legal proceedings cited in Paragraph 48 for their true and correct contents.

49.     Paragraph 49 of the Complaint purports to characterize the contents of legal proceedings and written documents.  The Republic denies such characterizations inconsistent with the contents of the referenced legal proceedings and documents and refers to the legal proceedings and documents cited in Paragraph 49 for their true and correct contents.

To the extent that Paragraph 49 of the Complaint constitutes conclusions of law, no responsive pleadings are required.

50.     Paragraph 50 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 50 for its true and correct contents.  To the extent that Paragraph 50 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

51.     Paragraph 51 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 51 for its true and correct contents.  To the extent that Paragraph 51 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

52.     The Republic admits that the U.S. Supreme Court denied the Republic's petition for certiorari in the referenced action on October 7, 2013.

53.     Paragraph 53 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 53 for its true and correct contents.  To the extent that Paragraph 53 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

54.     Paragraph 54 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in

Paragraph 54 for its true and correct contents.  To the extent that Paragraph 54 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

55.   The Republic admits that the U.S. Supreme Court denied the Republic's petition for certiorari in the referenced action on June 16, 2014.

56.   Paragraph 56 of the Complaint purports to characterize the contents of statements.  The Republic denies such characterizations inconsistent with the contents of the referenced statements and refers to the statements referenced in Paragraph 56 for their true and correct contents.

57.   Paragraph 57 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 57 of the Complaint.  To the extent that Paragraph 57 of the Complaint purports to characterize the nature of this action, no responsive pleading is required.

58.   In response to Paragraph 58 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 57 of the Complaint.

59.   Paragraph 59 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 59 for its true and correct contents.  The Republic otherwise admits that it issued bonds having ISIN US040114AR16.

60.   Paragraph 60 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 60 for its true and correct contents. To the extent that Paragraph 60 of the Complaint

constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise

denies the allegations contained in Paragraph 60 of the Complaint.

61.     Paragraph 61 of the Complaint purports to characterize the contents of a

written document, which document speaks for itself.  The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in

Paragraph 61 for its true and correct contents.  The Republic otherwise lacks knowledge or

information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the

Complaint.  To the extent that Paragraph 61 of the Complaint constitutes a conclusion of law, no

responsive pleading is required.

62.     The Republic lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 62 of the Complaint, except admits that since

December 2001 it has not paid principal or interest on nonperforming debt.  To the extent that

Paragraph 62 of the Complaint constitutes a conclusion of law, no responsive pleading is

required.

63.     Paragraph 63 of the Complaint constitutes conclusions of law as to which

no responsive pleadings are required.  The Republic otherwise denies the allegations contained in

Paragraph 63 of the Complaint.

64.     In response to Paragraph 64 of the Complaint, the Republic repeats and

realleges its responses to Paragraphs 1 through 63 of the Complaint.

65.     Paragraph 65 of the Complaint purports to characterize the contents of a

written document, which document speaks for itself.  The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in

Paragraph 65 for its true and correct contents.  The Republic otherwise admits that it issued

bonds having ISIN US040114AV28.

66.     Paragraph 66 of the Complaint purports to characterize the contents of a

written document, which document speaks for itself.  The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in

Paragraph 66 for its true and correct contents. To the extent that Paragraph 66 of the Complaint

constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise

denies the allegations contained in Paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint purports to characterize the contents of a

written document, which document speaks for itself.  The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in

Paragraph 67 for its true and correct contents.  The Republic otherwise lacks knowledge or

information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the

Complaint.  To the extent that Paragraph 67 of the Complaint constitutes a conclusion of law, no

responsive pleading is required.

68.     The Republic lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 68 of the Complaint, except admits that since

December 2001 it has not paid principal or interest on nonperforming debt.  To the extent that

Paragraph 68 of the Complaint constitutes a conclusion of law, no responsive pleading is

required.

69.     Paragraph 69 of the Complaint constitutes conclusions of law as to which

no responsive pleadings are required.  The Republic otherwise denies the allegations contained in

Paragraph 69 of the Complaint.

70.     In response to Paragraph 70 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 69 of the Complaint.

71.     Paragraph 71 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 71 for its true and correct contents.  The Republic otherwise admits that it issued bonds having ISIN US040114GD65.

72.     Paragraph 72 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 72 for its true and correct contents. To the extent that Paragraph 72 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 72 of the Complaint.

73.     Paragraph 73 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 73 for its true and correct contents.  The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the Complaint.  To the extent that Paragraph 73 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

74.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the Complaint, except admits that since December 2001 it has not paid principal or interest on nonperforming debt.  To the extent that

Paragraph 74 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

75.     Paragraph 75 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 75 of the Complaint.

76.     In response to Paragraph 76 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 75 of the Complaint.

77.     Paragraph 77 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 77 for its true and correct contents.  The Republic otherwise admits that it issued bonds having ISIN US040114GD65.

78.     Paragraph 78 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 78 for its true and correct contents. To the extent that Paragraph 78 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 78 of the Complaint.

79.     Paragraph 79 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 79 for its true and correct contents.  The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 of the

Complaint.  To the extent that Paragraph 79 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

80.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 of the Complaint, except admits that since December 2001 it has not paid principal or interest on nonperforming debt.  To the extent that Paragraph 80 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

81.     Paragraph 81 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 81 of the Complaint.

82.     In response to Paragraph 82 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 81 of the Complaint.

83.     Paragraph 83 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 83 for its true and correct contents.

84.     Paragraph 84 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 84 of the Complaint.

85.     Paragraph 85 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 85 of the Complaint.

86.     Paragraph 86 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 86 for their true and correct contents. To the extent that Paragraph 86 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 86 of the Complaint.

87.     Paragraph 87 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 87 for their true and correct contents. To the extent that Paragraph 87 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 87 of the Complaint.

88.     Paragraph 88 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 88 of the Complaint.

89.     Paragraph 89 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 89 of the Complaint.

90.      Paragraph 90 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 90 of the Complaint.

91.     Paragraph 91 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 91 of the Complaint.

92.     Paragraph 92 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 92 of the Complaint.

93.     Paragraph 93 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 93 of the Complaint.

94.     Paragraph 94 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 94 of the Complaint.

95.     Paragraph 95 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 95 of the Complaint for its true and correct contents.  To the extent that Paragraph 95 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

96.     Paragraph 96 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 96 of the Complaint.

97.     Paragraph 97 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 97 of the Complaint.

98.     Paragraph 98 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 of the Complaint.

99.     Paragraph 99 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 99 of the Complaint.

100.     Paragraph 100 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 100 of the Complaint.

101.     Paragraph 101 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 101 of the Complaint.

### First Affirmative Defense

102.     The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense[1]

103.     Plaintiffs' claims are barred by the act of state doctrine.

### Third Affirmative Defense

104.     To the extent that plaintiffs are not acting in good faith in commencing and prosecuting this action, they are barred from enforcing any rights they may otherwise have.

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein.  *See Lightwater Corp. Ltd. v. Republic of Argentina*, No. 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003).  The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review.  In connection with the Sixth Affirmative Defense, facts may exist in the present case that were not before the Court in the cases covered by the *Lightwater* and *EM Ltd. v. Republic of Argentina*, No. 03 Civ. 2507 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003) (Sept. 16, 2003), Orders.

**Fourth Affirmative Defense**

105.    Plaintiffs' claims are barred by the doctrine of unclean hands.

**Fifth Affirmative Defense**

106.    Plaintiffs' claims are barred by the doctrine of abuse of rights.

**Sixth Affirmative Defense**

107.    Plaintiffs' claims are barred by N.Y. Judiciary Law Section 489.

**Seventh Affirmative Defense**

108.    Plaintiffs' claims, including interest claims, are barred in whole or in part by the applicable statute of limitations/prescription period.

**Eighth Affirmative Defense**

109.    Plaintiffs lack standing and/or capacity to sue, because they are not holders of bonds within the meaning of the governing bond documents.

**Ninth Affirmative Defense**

110.    Plaintiffs' claims are barred by the doctrine of laches.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

      (a)    dismissing plaintiffs' claims with prejudice;

      (b)    awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

      (c)    granting the Republic such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      August 3, 2015

                      CLEARY GOTTLIEB STEEN & HAMILTON LLP

                      By:    /s/ Carmine D. Boccuzzi
                          Jonathan I. Blackman (jblackman@cgsh.com)
                          Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

                        One Liberty Plaza
                        New York, New York 10006
                        (212) 225-2000

                        *Attorneys for the Republic of Argentina*