**DUANE MORRIS** LLP
By:  Anthony J. Costantini
     Suzan Jo
     Kevin P. Potere
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
Fax: +1 212 692 1020
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STONEHILL INSTITUTIONAL PARTNERS, L.P. :
and STONEHILL MASTER FUND LTD., :
                                                    Plaintiffs,        :    15 Civ. 4284 (TPG)

v. :

THE REPUBLIC OF ARGENTINA, :

                                                    Defendant.

---

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION FOR SPECIFIC PERFORMANCE

Pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, Plaintiffs Stonehill Institutional Partners, L.P. and Stonehill Master Fund Ltd. (collectively, "Plaintiffs") respectfully move for equitable relief in the form of an order of specific performance requiring Defendant Republic of Argentina ("Argentina") to make ratable payments to Plaintiffs any time that it makes, or attempts to make, payments to Exchange Bondholders (defined herein).

Plaintiffs are the owners of certain bonds issued by the Republic pursuant to the Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA"), the same agreement that was the subject of the Court's prior decisions granting specific performance in *NML Capital, Ltd. v.*

*Republic of Argentina*, Case Nos. 08-cv-6978 (TPG), 09-cv-1707 (TPG), 09-cv-1708 (TPG) (S.D.N.Y.), affirmed by the Second Circuit in *NML Capital, Ltd. v. Republic of Argentina*, 699 F.3d 246 (2d Cir. 2012), *cert. denied*, 134 S. Ct. 201 (2013) and *NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 2819 (2014).

On June 5, 2015, this Court granted partial summary judgment to bondholders similarly situated to Plaintiffs, finding that Argentina "has violated, and continues to violate Paragraph (1)(c) of the 1994 Fiscal Agency Agreement [the "Pari Passu Clause"]." *NML Capital, Ltd. v. Republic of Argentina*, 14 Civ. 8601(TPG), 2015 WL 3542535 at *3 n.1 (S.D.N.Y. June 5, 2015).

Plaintiffs currently have a motion for partial summary judgment pending before this Court in *Stonehill Institutional Partners, L.P. et al. v. Republic of Argentina*, 15 Civ. 4284 (TPG), ECF No. 7, which is fully briefed.

Plaintiffs now seek specific performance requiring ratable payments by Argentina whenever it makes payments on bonds issued by Argentina in 2005 and 2010 ("Exchange Bonds") to holders of the Exchange Bonds ("Exchange Bondholders"). Absent such an order, Plaintiffs would be irreparably harmed because, as this Court has previously recognized with respect to similarly situated bondholders, Plaintiffs "would remain debased of their contractually-guaranteed status, and [Plaintiffs] would never be restored to the position [they were] promised that [they] would hold relative to other creditors in the event of default." Amended February 23, 2012 Order at 2, *NML Capital, Ltd. v. Republic of Argentina*, 1:08-cv-6978 (TPG) (S.D.N.Y. Nov. 21, 2012), ECF No. 425 ("Amended February 23, 2012 Order").

In addition, Plaintiffs have no adequate remedy at law since Argentina continues to make clear its intention to defy any judgment issued by this court. In the June 5 Order, this Court

specifically held that Argentina violated and continues to violate the Pari Passu Clause (i) when it made payments, between 2005 and 2014, on to the Exchange Bondholders without making payments to 1994 FAA bondholders such as Plaintiffs, (ii) "when it passed at least four discrete pieces of legislation to avoid paying on the [1994] FAA bonds," (iii) when, each year since 2002, it included in its budget a moratorium against making payments on the 1994 FAA bonds, (iv) when, "from 2014 through 2015, after the Amended Injunction in the Lead Cases took effect, the Republic made three illegal transfers to financial intermediaries in an attempt to pay on the Exchange Bonds without also paying on the [1994] FAA bonds," and (v) when "the Republic has attempted to remove the indenture trustee of the Exchange Bonds and to replace it with an Argentine entity in an attempt to continue making payments on the Exchange Bonds without making payments on the [1994] FAA bonds." *Id.* at *8.

Moreover, the balance of equities strongly favor granting specific performance. As this Court has previously held, "[t]he balance of the equities strongly supports [equitable relief] in light of the clear text of [the Pari Passu Clause] and the Republic's repeated failures to make required payments to [bondholders similar to Plaintiffs]. In the absence of the equitable relief provided by this Order, the Republic will continue to violate [the Pari Passu Clause] with impunity, thus subjecting [bondholders similar to Plaintiffs] to harm." Amended February 23, 2012 Order at 3.

Finally, the public interest of enforcing contracts and upholding the rule of law would be served by granting specific performance in the instant matter. *Id.* at 4.

In further support of its motion for specific performance, Plaintiffs rely upon the arguments set forth in the Memorandum of Law in Support of the Motion by NML Capital, Ltd. for Specific Performance, *NML Capital, Ltd. v. Republic of Argentina*, 14-cv-8601 (TPG)

3

(S.D.N.Y. August 14, 2015), ECF No. 26, and the Declaration of Robert A. Cohen in Support of Motion by NML Capital, Ltd. for Specific Performance, *NML Capital, Ltd. v. Republic of Argentina*, 14-cv-8601 (TPG) (S.D.N.Y. August 14, 2015), ECF No. 27, which are incorporated by reference herein.

Dated: New York, New York
       September 14, 2015

**DUANE MORRIS LLP**

By: /s/ Anthony J. Costantini
Anthony J. Costantini
E-mail: ajcostantini@duanemorris.com
Suzan Jo
E-mail: sjo@duanemorris.com
Kevin P. Potere
Email: kppotere@duanemorris.com
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
Facsimile: +1 212 692 1020

*Attorneys for Plaintiffs Stonehill Institutional Partners, L.P. and Stonehill Master Fund Ltd.*